UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. 13-10011-CIV-KING

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

BARRY J. GRAHAM,
FRED DAVIS CLARK, JR., A/K/A DAVE CLARK,
CRISTAL R. COLEMAN, A/K/A CRISTAL CLARK,
DAVID W. SCHWARZ, and
RICKY LYNN STOKES,

    Defendants.
_____/

## ORDER DENYING DEFENDANT RICKY L. STOKES' MOTION TO COMPEL DEPOSITION OF NON-PARTY WITNESS

**THIS CAUSE** comes before the Court upon Defendant Ricky L. Stokes' Motion to Compel Deposition of Non-Party Witness (DE #52). Therein, Defendant Stokes asserts that he issued a subpoena for deposition to non-party witness Colin Brechbill, that the subpoena—rather than set a date, time, and location certain as required by Rule 45(a)(1)(A)(iii), Fed.R.Civ.P.—requested that Brechbill contact Stokes' counsel to coordinate a deposition date, and that Brechbill has to date failed to so contact Stokes' counsel to coordinate a deposition date. Stokes requests from this Court, therefore, an Order compelling Brechbill's appearance.

Under Rule 30(a)(1), a party may, without leave of court, depose any person. That rule further provides that the deponent's attendance may be compelled by subpoena issued under Rule 45. Rule 45(a)(1)(A), in turn, contains certain requirements applicable to every subpoena. Relevant to—and dispositive of—the instant Motion, every subpoena must command the person to whom it is directed to attend and testify at a specified time and place. The subpoena Stokes served on Brechbill in this case did not comply with this requirement. Rather, the subpoena simply requested that Brechbill contact Stokes' counsel and coordinate a mutually agreeable time and place for the deposition.

While Stokes correctly notes in his Motion that Rule 26(b) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense[,]" Stokes fails to cite any authority by which this Court could compel Brechbill, a non-party witness, to appear and testify at a deposition after being served with a noncompliant subpoena that failed to specify a time and place for said deposition. Stokes is free to have the appropriate court issue a new subpoena that complies with Rule 45, and then if Brechbill—without adequate excuse—fails to obey the commands of a proper subpoena, Stokes may seek to have the issuing court hold Brechbill contempt pursuant to Rule 45(e). The relief Stokes seeks by the instant Motion, however, is not available.

Accordingly, the Court being otherwise fully advised, it is hereby **ORDERED, ADJUDGED AND DECREED** that Defendant Ricky L. Stokes' Motion to Compel Deposition of Non-Party Witness **(DE #52)** be, and the same hereby is **DENIED** without prejudice to Defendant Stokes' following the proper procedures to secure attendance at deposition by a non-party witness, and if necessary, applying to the appropriate Court for the appropriate relief should those attempts fail to bear fruit.

**DONE AND ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 12th day of November, 2013.

*[signature]*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: **All Counsel of Record**

**Barry J. Graham**
9270 Triana Terrace Unit 3
Ft. Myers, FL 33912
PRO SE